MABEL McGEE, APPELLEE, v. ARAH L. HUNGERFORD, APPELLANT.

FILED JANUARY 24, 1912. No. 16,997.

Quantum Meruit: SUFFICIENCY OF EVIDENCE: REVIEW. In this an action to recover the reasonable value of personal services as a stenographer, the fact that the jury awarded a less sum than claimed by the plaintiff to be due her does not establish that her testimony was disbelieved, and that therefore the verdict is not supported by the evidence.

APPEAL from the district court for Dawes county: WILLIAM H. WESTOVER, JUDGE. *Affirmed.*

*J. E. Porter,* for appellant.

*A. W. Crites, contra.*

LETTON, J.

Action to recover for services rendered by the plaintiff as stenographer, typewriter operator and clerk for the defendant. It is alleged that these services were of the reasonable value of $8 a week, were rendered for 18 weeks, and that there is due and unpaid a balance of $114. The defense is that services were not rendered to the extent alleged, and that full payment had been made of the wages which had been agreed upon between the parties.

The argument of appellant is mainly devoted to showing the indefiniteness and unreliability of plaintiff's testimony and the emphatic and positive nature of that of defendant. According to defendant's testimony, the plaintiff worked for him 25 days under a contract under which he was to pay her $8 a week, amounting in all to $28.30, and this amount has been paid; while, according to plaintiff's testimony, she worked 120 days at $8 a week, on which she has credited $33, leaving a balance due of $114. Appellant argues that since the jury only allowed

plaintiff $75, and not $114 as she claimed, that the evidence does not sustain the verdict.

It appears, however, that plaintiff, while in the defendant's service, wrote letters and did other stenographic and clerical work for other persons, for which she was paid by them, and it seems clear that the jury believed that the reasonable value of her services should be reduced on that account. The action was on a *quantum meruit*, and the fact that plaintiff was not allowed all she demanded does not leave the verdict without support. It would serve no good purpose to set forth the evidence in detail. The question is one of fact which was submitted to the jury upon conflicting evidence, and their verdict must be upheld. Appellant argues that the verdict "may probably have been the result of the misguided chivalry of the average western ranchman toward the fair sex, especially this rather handsome and petite young litigant." We cannot take judicial notice of personal pulchritude or of western chivalry, and hence this plaintive plea cannot avail.

We find no error in the record, and the judgment of the district court is

AFFIRMED.